CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED

JUL 0 9 2009

JOHN F. CORCORAN, CLERK
BY:
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| ROBIN A. HEATHERINGTON, | CASE NO. 3:08CV00051 |
| Plaintiff, | |
| v. | REPORT AND RECOMMENDATION |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | By: B. Waugh Crigler<br>U. S. Magistrate Judge |
| Defendant. | |

This challenge to a final decision of the Commissioner which denied plaintiff's November 21, 2005 protectively-filed applications for a period of disability, disability insurance benefits, and supplemental security income ("SSI") under the Social Security Act ("Act"), as amended, 42 U.S.C. §§ 416, 423 and 1381 et seq., is before this court under authority of 28 U.S.C. § 636(b)(1)(B) to render to the presiding District Judge a report setting forth appropriate findings, conclusions and recommendations for the disposition of the case. The questions presented are whether the Commissioner's final decision is supported by substantial evidence, or whether there is good cause to remand for further proceedings. 42 U.S.C. § 405(g). For the reasons that follow, the undersigned will RECOMMEND that an Order enter GRANTING plaintiff's motion for summary judgment, but REMANDING the case to the Commissioner for further proceedings under the fourth sentence of 42 U.S.C. § 405(g).

In a decision eventually adopted as a final decision of the Commissioner, an Administrative Law Judge ("Law Judge") found that plaintiff had not engaged in substantial gainful activity since May 27, 2005[1], his alleged disability onset date, and he was insured for

---

[1] Plaintiff initially alleged a disability onset date of June 14, 2003. (R. 9.) By operation of law, his alleged onset date was subsequently amended to May 27, 2005. (R. 9, 23.)

benefits through March 31, 2008. (R. 11-12.) It was determined that plaintiff had severe impairments, but that when his impairments were viewed individually or in combination with one another, they did not meet or equal a listed impairment. (R. 12, 14.) He then found that plaintiff retained the residual functional capacity ("RFC") to perform a wide range of unskilled, sedentary work. (R. 14.) Moreover, the Law Judge concluded that, although plaintiff experienced pain and side effects from medicines which could affect his alertness at times, he had adequate mental functioning and concentration to perform simple repetitive tasks on a regular basis. (*Id.*) The Law Judge determined plaintiff was limited in bending, stooping, crouching, kneeling, crawling, and climbing, should avoid hazards such as moving machinery and unprotected heights, and required an alternate sit/stand option to change positions as needed. (*Id.*) He could lift/carry up to ten pounds occasionally, sit up to six hours in an eight-hour workday, and walk at least two hours in an eight-hour workday. (*Id.*) The Law Judge determined that he had no significant manipulative, visual, communicative, or other environmental limitations. (*Id.*) The Law Judge further found that this RFC precluded plaintiff from performing his past relevant work[2], but that other jobs existed in significant numbers in the national economy that he could perform[3]. (R. 18.) Thus, the Law Judge concluded that plaintiff was not disabled under the Act. (R. 19.)

Plaintiff filed a timely request for review by the Appeals Council and submitted additional evidence. (R. 1-5, 115-119, 295-298.) On September 20, 2008, the Appeals Council

---

[2]Plaintiff's past relevant work was that of a maintenance worker, assembler, grounds keeper, landscaper, warehouse worker, and machine operator. (R. 18.)

[3]The Law Judge noted that a person with plaintiff's RFC could work as an assembler, ticket checker, and general clerk. (R. 19.)

issued a Notice which stated that the additional evidence was reviewed, but that the information did not provide a basis for changing the Law Judge's November 20, 2007 decision.[4] (R. 1-2.) Thus, plaintiff's request for review was denied, and the Law Judge's decision was adopted as the final decision of the Commissioner. (R. 1.) This action ensued.

In a brief filed in support of his motion for summary judgment, plaintiff initially argues that the Appeals Council failed to properly consider the additional evidence he submitted. (Plaintiff's Brief, pp. 8-13.) Specifically, plaintiff refers to a letter from Mark Goldberg, M.D., his treating physician, and he contends that this letter is especially relevant and material in establishing that he meets the criteria of paragraph A of § 1.04[5] of the Listings, 20 C.F.R. Part

---

[4]The Appeals Council did not specifically address the January 2, 2008 letter provided by Dr. Goldberg. The Regulations do not provide that the Appeals Council must give a rationale for denying review. *See* 20 C.F.R. §§ 404.970(b), 416.1470(b). However, there are conflicting opinions among the district courts in the Fourth Circuit regarding whether the Appeals Council must provide a basis for its decision. *See Boggs v. Astrue,* No. 5:07CV10, 2008 WL 467386, *10 (N.D. W.Va. February 19, 2008) (finding the Appeals Council is not required to explain its determination); *Davis v. Barnhart,* 392 F.Supp.2d 747, 751 (W.D. Va. 2005) (finding that the Appeals Council was not obligated to provide reasons); *Riley v. Apfel,* 88 F.Supp.2d 572, 580 (W.D. Va. 2000) (finding the Appeals Council must provide more than a "scant discussion" of the evidence); *Ridings v. Apfel,* 76 F.Supp.2d 707, 709 (W.D. Va. 1999) (finding the Appeals Council is not required to state its rationale for denying review); *Alexander v. Apfel,* 14 F.Supp.2d 839, 843 (W.D. Va. 1998) (finding the Appeals Council must provide reasoning for its determination). The undersigned declines to enter the fray as this action can be decided on other grounds.

[5]Listing § 1.04A renders disabled a person suffering a spinal disorder resulting in compromise of a nerve root or spinal cord with:
> A. Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine).

20 C.F.R. Part 404, Subpart P, Appendix1, § 1.04(A).

3

404, Subpart P, Appendix 1. (Pl's Brief, pp. 8-10.) The undersigned agrees.

The Regulations provide that the Appeals Council shall consider additional evidence submitted with a request for review if the evidence is new, material, and relates to the period on or before the date of the Law Judge's decision. 20 C.F.R. §§ 404.970(b), 416.1470(b); *Davis v. Barnhart*, 392 F.Supp.2d 747, 750 (W.D. Va. 2005). Evidence is deemed "new" if it is neither duplicative nor cumulative, and it is "material" if a reasonable probability exists that the evidence would have changed the outcome of the case. *Wilkins v. Secretary, Dep't of Health & Human Servs.*, 953 F.2d 93, 96 (4th Cir.1991); *Davis*, 392 F.Supp.2d at 750.

The record reveals that Dr. Goldberg began serving as plaintiff's primary care treating physician on August 5, 2002. (R. 276.) Dr. Goldberg treated plaintiff on a sporadic basis[6] for his low back pain which was caused by disc disease. (R. 116.) The additional evidence provided to the Appeals Council includes a letter from Dr. Goldberg dated January 2, 2008, which was issued after the Law Judge's decision but before the Appeals Council took final agency action. (R. 116-117.) Dr. Goldberg noted that plaintiff had been suffering from a back injury since 2003, and that his ongoing pain was so severe that he required the use of narcotics. (R. 116.) Dr. Goldberg noted plaintiff suffered with left leg radicular symptoms, including pain and weakness, which cause him to limp and his leg to give way on occasion. (*Id.*) The physician noted that plaintiff underwent a MRI of the lumbar spine on September 23, 2003, which revealed a ruptured disc at L3, 4 and L4, 5 levels causing left foraminal narrowing at both

---

[6]According to Dr. Goldberg, plaintiff did not receive the regular treatment he needed due to a lack of funds and insurance. (R. 258.) The Fourth Circuit Court of Appeals has held that "[i]t flies in the face of the patent purposes of the Social Security Act to deny benefits to someone because he is too poor to obtain medical treatment that may help him." *Gordon v. Schweiker*, 725 F.2d 231, 237 (4th Cir. 1984).

4

levels and nerve impingement. (*Id.*) Finally, Dr. Goldberg opined that plaintiff's condition met or equaled the severity of Listing § 1.04A. (*Id.*)

In the undersigned's view, Dr. Goldberg's January 2, 2008 letter was "new" because it is neither duplicative nor cumulative of the other evidence of record. Other than this evidence, plaintiff's records do not contain any other medical opinions from a treating source assessing objective findings under Listing § 1.04.

For the same reasons, the undersigned also finds that the evidence is "material." To repeat, Dr. Goldberg's January 2, 2008 letter is the *only* treating source evidence on the issue of whether plaintiff suffered a listed impairment, and it is about as objective as reports of this nature get. The report likely would have affected the Law Judge's finding that plaintiff did not meet Listing § 1.04.

Finally, Dr. Goldberg's January 2, 2008 letter relates to the time period on or before the Law Judge's November 20, 2007 decision. Dr. Goldberg's January 2, 2008 letter serves as a summation of his medical records and treatment history of plaintiff over that same period of time.

Dr. Goldberg's evidence was not only new and material, he was a treating source who assessed the effects of the objective medical evidence under the Listings. The Commissioner would be hard-pressed to overcome its dispositive impact. Yet, the courts are not the initial arbiters of the evidence, and it is clear that the Commissioner should be given the first opportunity to determine its value. *See Riley*, 88 F.Supp.2d at 572.

For the foregoing reasons, the undersigned finds that the Commissioner erred in failing to review dispositive treating source evidence, and it is RECOMMENDED that an Order enter

5

Case 3:08-cv-00051-NKM-BWC   Document 15   Filed 07/09/09   Page 5 of 6   Pageid#: 71

GRANTING plaintiff's motion for summary judgment, and REMANDING the case to the Commissioner for further proceedings under the fourth sentence of 42 U.S.C. § 405(g).

The Clerk is directed to immediately transmit the record in this case to the presiding United States District Judge. Both sides are reminded that pursuant to Rule 72(b) they are entitled to note objections, if any they may have, to this Report and Recommendation within (10) days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(1)(C) as to factual recitations or findings as well as to the conclusions reached by the undersigned may be construed by any reviewing court as a waiver of such objection. The Clerk is directed to send a certified copy of this Report and Recommendation to all counsel of record.

ENTERED: /s/ 
U.S. Magistrate Judge

7/9/09
Date